UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

CURIOX BIOSYSTEMS CO., LTD., et al.,
Plaintiffs,
v.
BECTON, DICKINSON AND COMPANY, et al.,
Defendants.

Case No. 26-cv-13592-VKD

**ORDER PROVISIONALLY GRANTING PLAINTIFFS' MOTION TO SEAL PORTIONS OF COMPLAINT**

Re: Dkt. No. 2

Plaintiffs move to seal portions of their complaint. Dkt. No. 2. Specifically, plaintiffs seek to seal ¶¶ 59-69 and ¶ 111-119 of their complaint on the ground that those portions of their pleading describe the terms and conditions of the parties' Confidential Disclosure Agreement ("CDA"), which the CDA requires to be kept confidential. *Id.*

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). When considering a sealing request, "a strong presumption in favor of access is the starting point." *Id.*; *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016) (same). Parties seeking to seal judicial records that are "more than tangentially related to the underlying cause of action," *Ctr. for Auto Safety*, 809 F.3d at 1099, bear the burden of overcoming the presumption of access with "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," *Kamakana*, 447 F.3d at 1178-79 (citation modified). Because a complaint is the pleading on

United States District Court
Northern District of California

which an action is based, courts in this District apply the "compelling reasons" standard to motions to seal pleadings. *See In re NVIDIA Corp. Derivative Litig.*, No. 06-cv-06110 SBA, 2008 WL 1859067, at *3 (N.D. Cal. Apr. 23, 2008) ("While a complaint is not, per se, the actual pleading by which a suit may be disposed of, it is the root, the foundation, the basis by which a suit arises and must be disposed of."); *see also, e.g., Richards v. Centripetal Networks, Inc.*, No. 24-cv-01065 HSG, 2024 WL 4654439, at *3 (N.D. Cal. Oct. 31, 2024) (citing cases); *Sjostrom v. Kraatz*, No. 16-cv-01381 DMR, 2016 WL 3940886, at *2 (N.D. Cal. July 21, 2016) (same). Additionally, this District's Civil Local Rules make clear that "[o]nly in rare circumstances should a party seek to file portions of a pleading or brief under seal." Civil L.R. 79-5(e).

On the record presented, some of the provisions of the complaint plaintiffs seek to seal appear to discuss matters at a high level and do not appear to require sealing. Nevertheless, pending defendants' appearance, the Court provisionally grants plaintiffs' motion to seal ¶¶ 59-69 and ¶¶ 111-119 of the complaint. This order is subject to reconsideration or modification pending further proceedings.

**IT IS SO ORDERED.**

Dated: November 23, 2026

Virginia K. DeMarchi

VIRGINIA K. DEMARCHI
United States Magistrate Judge